RUSH MOORE LLP
A Limited Liability Law Partnership

SUSAN TIUS                2873-0
CAROLINE OTANI            5854-0
737 Bishop Street, Suite 2400
Pacific Guardian Center, Mauka Tower
Honolulu, Hawaii  96813-3862
Telephone No.: (808) 521-0406
Facsimile No. (808) 521-0497
E-mail: Stius@rmhawaii.com

Attorneys for Plaintiff DANE S. FIELD,
 Trustee of the Bankruptcy Estate of
 MARSHALL MINDORO and MELINA KANOALANI MINDORO

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) Case No. 10-01488 |
| | ) (Chapter 7) |
| MARSHALL MINDORO and MELINA KANOALANI MINDORO, | ) |
| Debtors. | ) |
| _____ | ) |
| | ) ADV. PRO. NO. 10-90118 |
| DANE S. FIELD, Trustee of the Bankruptcy Estate of MARSHALL MINDORO and MELINA KANOALANI MINDORO, | ) |
| Plaintiff, | ) |
| vs. | ) |
| CHERYL MCDERMOTT, | ) Date: February 11, 2011 |
| | ) Time: 10:00 a.m. |
| Defendant. | ) Judge: Honorable Robert J. Faris |

FINDINGS OF FACT; CONCLUSIONS OF LAW;
AND ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AGAINST DEFENDANT CHERYL MCDERMOTT

This cause came on for hearing before this Court on February 11, 2011, the Honorable Judge Robert J. Faris presiding, pursuant to Plaintiff's Motion for Summary Judgment Against Defendant Cheryl Mcdermott filed herein by Plaintiff DANE S. FIELD ("Plaintiff"), Trustee of the Bankruptcy Estate of MARSHALL MINDORO and MELINA KANOALANI MINDORO ("Debtors"), the above-named Debtors. Caroline S. Otani, Esq., represented Plaintiff at the hearing. There was no opposition filed in response to the Motion. The Court having heard the Motion and considered the evidence and argument presented, and being fully advised in the premises, finds as follows:

## FINDINGS OF FACT

1. Plaintiff DANE S. FIELD is the duly appointed Trustee of the Bankruptcy Estate of MARSHALL MINDORO and MELINA KANOALANI MINDORO, the above-named Debtors.

2. Defendant CHERYL MCDERMOTT ("Defendant") is a resident of the State of Hawaii.

3. On or about March 10, 2009, Defendant lent $26,000 (the "Loan") to the Debtors, which Loan and repayment terms are evidenced by a Promissory Note dated March 10, 2009.

4. The Debtors, by payments made on May 14, 2010 in the amount of $13,000 and on May 27, 2010 in the amount of $7,000, paid a total of $20,000 to Defendant in partial payment of the Loan, for which payments Defendant signed receipts.

5. The payments from the Debtors to Defendant were made by checks drawn on an account owned in the name of Debtor Marshall Mindoro and Lawnranger Landscaping LLC ("Lawnranger").

6. Lawnranger is a company that is jointly owned by the Debtors.

7. The original sources of the funds from which the payments were made to Defendant were settlement proceeds and a federal tax refund which were owned personally by the Debtors. The Debtors transferred these funds to the joint account of Debtor Marshall Mindoro/Lawnranger, before making the payments to Defendant, and thereafter made the payments to Defendant from the joint account.

6. Plaintiff, through counsel, by letter dated September 21, 2010 to Defendant, notified Defendant that the $20,000 in payments made to Defendant were avoidable transfers and made demand on Defendant to refund the $20,000 paid to Defendant by Debtors. Defendant has failed and continues to fail to refund the payments to Plaintiff.

7. The aforesaid transfer of the $13,000 Loan payment was made within ninety days before the date of filing of the petition, made on account of an antecedent debt owed by the Debtors to Defendant before such transfer was made and enabled Defendant to receive more than Defendant would receive if the transfer had not been made and

Defendant was to receive payment of Defendant's debt to the extent provided by the provisions of Chapter 7.

8. This pre-petition transfer is an avoidable preferential transfer under the provisions of 11 U.S.C. § 547.

9. The aforesaid transfer of the $7,000 Loan payment was made from Property of the Estate after commencement of the case and was not authorized under the Bankruptcy Code or by the Bankruptcy Court.

10. This post-petition unauthorized transfer is an avoidable post-petition transfer under the provisions of 11 U.S.C. § 549.

11. Accordingly, both the $13,000 and the $7,000 transfers from the Debtors to Defendant are avoidable transfers and Plaintiff is entitled to summary judgment as a matter of law against Defendant in the amount of $20,000.

12. Plaintiff is entitled to interest from the date of demand on September 21, 2010 at the judgment rate until payment in full of the judgment.

13. This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Court.

## CONCLUSIONS OF LAW

Pursuant to the foregoing findings of fact, the Court concludes:

A. This Court has jurisdiction of the parties and the subject matter of this action, and venue is proper in this Court.

B. Plaintiff is entitled to judgment as a matter of law against Defendant on its Complaint.

C. There is due and owing and unpaid from Defendant to Plaintiff the amount of $20,000 and interest from the date of demand on September 21, 2010, at the judgment rate until payment in full of the judgment.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 02/24/2011

DANE S. FIELD, Trustee of the Bankruptcy Estate of Bankruptcy Estate of MARSHALL MINDORO and MELINA KANOALANI MINDORO vs. CHERYL MCDERMOTT; ADV. PRO. NO. 10-90118; FINDINGS OF FACT; CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT CHERYL MCDERMOTT.

-5-